JAP:CMM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MARTESE PRICE,

              Defendant.

- - - - - - - - - - - - - - - - - -X

**13M206**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.
§§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

       DAVID JOEL, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

       Upon information and belief, on or about February 28, 2013, within the Eastern District of New York, the defendant MARTESE PRICE, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a .380 caliber Bryco semi-automatic pistol.

       (Title 18, United States Code, Section 922(g)(1)).

       The source of your deponent's information and the grounds for his belief are as follows[1]:

---

[1]    Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest MARTESE PRICE as described in greater detail below, I have not set forth every fact learned during the course of this investigation.

1.     I have been a Police Officer with the NYPD for approximately 12 years.  My information in this case comes from review of NYPD records, conversations with NYPD officers, and other official records of government agencies.

2.     On or about February 27, 2013, at approximately 11:45 p.m., NYPD Officers Salwa Jwayyed, Konrad Zakiewicz, and Javier Velez and Lieutenant Danielle Raia, assigned to Brooklyn North Borough Crime, were on routine patrol in an unmarked vehicle within the confines of the 73rd Precinct.  At approximately that time, the officers were driving on Bristol Street towards Newport Street when they observed a male walking on Bristol Street towards Newport Street.  The male had a heavy object in his right side pants' pocket that caused his pants to be hanging down on that side.  The male also appeared nervous and, after looking towards the officers' vehicle, he started to walk faster.

3.     Based on his training and experience, Officer Zakiewicz suspected that the defendant had a weapon in his right-side pants' pocket.  Officer Zakiewicz exited the unmarked police vehicle and identified himself as police and asked the defendant if he had any weapons on him.  Officer Zakiewicz then reached around to the defendant's right-side pants' pocket and felt what

2

appeared to be a pistol.  Officer Zakiewicz then pulled a black semi-automatic pistol out of the defendant's pants' pocket.

4.   The defendant was arrested and brought to the 73 Precinct.  At the 73 Precinct, the pistol was identified as a .380 caliber Bryco semi-automatic pistol.

5.   I have reviewed criminal history records for the defendant, which reveal that the defendant has been convicted of at least the following crime: on February 2, 2012, the defendant was convicted in Kings County Supreme Court of Robbery in the Second Degree, a Class D felony, and sentenced to a one year order of protection.

6.   I haven spoken with an ATF interstate nexus expert, who informs me that the above-mentioned .380 caliber Bryco semi-automatic pistol was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant MARTESE PRICE, so that he may be dealt with according to law.

David Joel
Detective
New York Police Department

Sworn to before me this
7th day of March, 2013

GE

4